# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

IN RE:
WALTER B. REDDY            No. 3:17-cv-1067 (VAB)

## ORDER

Currently pending before the Court is Walter B. Reddy's ("Appellant") *pro se* appeal from an order of the Bankruptcy Court for the District of Connecticut. Mr. Reddy appeals an order dated June 8, 2017, modifying an automatic stay and overruling Mr. Reddy's objection to a claim. *See* Notice of Appeal, ECF No. 1.[1] On September 5, 2017, there was a "No Designation/Agreed Statement" notice filed on the docket. *See* ECF No. 4.

Federal Rule of Bankruptcy Procedure 8009(a) requires that an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the notice of appeal becomes effective. An appellant's failure "to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

As the Second Circuit has noted, Rule 8003 "makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case." *In re Harris*, 464 F.3d

---

[1] On January 24, 2018, the bankruptcy court granted a motion to dismiss for failure to prosecute. *See* Notice of Order Dismissing Bankr. Case, ECF No. 6. The court also issued a one year ban on filing for relief under any chapter of the Bankruptcy Code in any bankruptcy court. *Id.* at 2.

1

263, 270 (2d Cir. 2006).[2] The Second Circuit noted that a district court may dismiss a case for procedural default, including failing to file a designation of the record on appeal, following notice of potential dismissal, an opportunity for the party who has defaulted to explain its conduct, and after considering whether a lesser sanction is appropriate. *Id.* at 271-272; *see also In re Finnimore*, No. 3:13-cv-744 JBA, 2014 WL 1315589, at *3 (D. Conn. Mar. 31, 2014) ("Additionally, Appellants have failed to designate items in the record of the Bankruptcy Court for this Court to review. . . . This too is grounds for dismissal."); *In re Bugnacki*, No. 3:11-cv-933 (WWE), 2012 WL 12905072, at *1 (D. Conn. Feb. 14, 2012) (denying motion to extend time to file designation and statement, and granting dismissal of case because "record demonstrates that Bugnacki's counsel has a history of neglecting to observe the deadlines set forth in the federal rules.").

A notice of appeal becomes effective when it is filed on the docket. *In re Wysocki*, No. 3:16-CV-248 (JCH), 2016 WL 4099031, at *4 (D. Conn. Aug. 2, 2016). ("A notice of appeal becomes effective when filed, unless filed before entry of judgment.") Here, the time for filing a designation and statement is well past due. Therefore, the Court may choose to exercise its discretion and dismiss the appeal. *In re Wysocki*, 2016 WL 4099031, at *4 (noting, in considering dismissal for failing to comply with Rule 8009(a) that "[w]hile a district court may

---

[2] The Second Circuit in *Harris* addressed "Rule 8001(a)," which was designated Rule 8003 following amendments to the bankruptcy rules effective in 2014. *See* Fed. R. Bankr. P. 8003 advisory committee's note (2014) (noting amendments Fed. R. Bankr. P. 8003(a) "Subdivision (a) incorporates, with stylistic changes, much of the content of former Rule 8001(a) regarding the taking of an appeal as of right"). Similarly, *Harris* addresses designation under "Rule 8006," which was incorporated into the current Rule 8009 after the 2014 amendments. *See* Fed. R. Bankr. P. 8009 advisory committee's note (2014) (noting, after 2014 amendments, "[t]his rule is derived from former Rule 8006 and F. R. App. P. 10 and 11(a)").

dismiss a bankruptcy appeal when the appellant fails to comply with the Federal Rules of Bankruptcy Procedure, such dismissal is generally discretionary.")

Therefore, Appellant shall:

- Comply with Rule 8009 of the Federal Rule of Bankruptcy Procedure and file a "designation of the items to be included in the record on appeal" by March 9, 2018; and

- Provide reasons for Appellant's delay and address why the Court should not dismiss this appeal for failure to comply with the Federal Rules of Bankruptcy Procedure.

Failure to follow this order may result in dismissal of the appeal.

SO ORDERED at Bridgeport, Connecticut, this 20th day of February, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge