UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*In re:* WALTER B. REDDY | No. 3:17-cv-1067 (VAB)

**RULING AND ORDER ON BANKRUPTCY APPEAL**

Walter B. Reddy ("Appellant"), *pro se*, appeals three orders of the United States Bankruptcy Court ("Bankruptcy Court"), Notice of Appeal, ECF No. 1; Mem. and Order on Obj. to Claim 3 and Second Am. Mot. for Relief from Automatic Stay ("Bankruptcy Court Order on Claim 3 and Automatic Stay"), *In re Reddy*, 16-bk-50689 (JAM), Dkt. 130; Order Denying Mot. for Stay Pending Appeal, *id.*, Dkt. 152; Order Granting Trustee's Mot. to Dismiss with a One Year Bar to Filing a Case, *id.*, Dkt. 161.

Mr. Reddy alleges that the Bankruptcy Court erred in: (1) allowing three attorneys, Patricia Davis, Bruce Bennett, and Benjamin Staskiewicz, to file documents and appear in the case before filing a formal Appearance on the docket; (2) refusing to consider the affidavit of an expert, Michael Porzio; (3) granting relief from the automatic stay to Deutsche Bank; (4) granting the Chapter 13 trustee's motion to dismiss the case; and (5) denying a stay pending his appeal. Statement of Issues to be Presented, ECF No. 8.

For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's orders.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Factual Allegations**

On July 15, 2005, Mr. Reddy obtained a home mortgage for $542,400.00. Mot. to Reconsider Scheduling of Trial ("Mot. Reconsider"), *In re Reddy*, 16-bk-50689 (JAM), Dkt. 52

¶ 1. Four years later, Deutsche Bank[1] initiated a foreclosure action in Connecticut Superior Court. Mot. Reconsider ¶ 2.

After nearly seven years of litigation,[2] the Superior Court issued a strict foreclosure judgment in favor of Deutsche Bank in the amount of $873,748.17. Mot. Reconsider, Ex. B [Order of the Superior Court for the Judicial District of Stamford, J. Povodator ("Superior Court Order" April 11, 2016)], *id.*, Dkt. 52-2, Ex. B.

Six weeks later, on May 26, 2016, Mr. Reddy filed a voluntary petition for Chapter 13 bankruptcy. Petition, *In re Reddy*, 16-bk-50689 (JAM), Dkt. 1. In that petition, Mr. Reddy estimated his liabilities to be $100,001-500,000 and his assets to be $500,001-1,000,000. *Id*. at 6.

On August 25, 2016, Mr. Reddy agreed to make payments of $100 per month to his creditors. Debtor's Chapter 13 Plan, *id.*, Dkt. 22 at 1. He also disputed an "obligation claimed by the Creditor Deutsche Bank National Trust Company, As Trustee, for Morgan Stanley Mortgage Loan Trust 2005-10." *Id*.

On November 1, 2018, Patricia Davis, counsel for Specialized Loan Servicing LLC, the servicer for Deutsche Bank National Trust Company,[3] filed an objection to Mr. Reddy's Chapter 13 plan on the grounds that Deutsche Bank has a "valid secured claim and deserves proper treatment in the Plan." Objection to Plan, *id.*, Dkt. 32, at 1.

---

[1] As trustee for Morgan Stanley Mortgage Loan Trust 2005-10, Mortgage Pass-Through Certificates Series 2005-10. Mot. Reconsider ¶ 2.

[2] Deutsche Bank alleges that Mr. Reddy "fully participated and was represented by counsel" during this litigation. Mot. Reconsider ¶ 3.

[3] *I.e.*, Specialized Loan Servicing LLC is the servicer for Deutsche Bank National Trust Company, which is the trustee for Morgan Stanley Mortgage Loan Trust 2005-10, Mortgage Pass-Through Certificates Series 2005-10 (together with its predecessors, successors, affiliates, principals, and assigns, "Creditor"). Objection to Plan at 1.

Shortly thereafter, the Bankruptcy Court scheduled a hearing on Deutsche Bank's claim for December 20, 2016. Notice of Hearing, *id.*, Dkt. 36.

On November 23, 3016, Ms. Davis filed a motion for relief from a stay on the foreclosure of Mr. Reddy's home, asserting that Deutsche Bank had a valid interest in the property and that the property was "not necessary for an effective reorganization." Mot. for Relief from Stay, *id.*, Dkt. 40.

On December 7, 2016, Mr. Reddy objected, explaining that he had "contested the underlying foreclosure matter vigorously" and did not believe that Deutsche Bank had a rightful claim to the property, and that Deutsche Bank was not entitled to relief from the automatic stay. Debtor's Obj. to Deutsche Bank Nat'l. Trust Co. as Trustee Mot. For Relief from Automatic Stay, *id.*, Dkt. 42.

On December 20, 2016, the Bankruptcy Court held a hearing at which Mr. Reddy asserted that the note and mortgage submitted by Deutsche Bank was a fraud. Audio Recording of Hearing, *id.*, Dkt. 51. He requested an evidentiary hearing and permission to bring an authentication expert. *Id*. The Court granted Mr. Reddy's request and scheduled a follow-up hearing for January 12, 2017. *Id*.

On December 23, 2016, Ms. Davis filed a motion to reconsider, arguing that Deutsche Bank had already produced the note and mortgage to the Superior Court during the foreclosure action, and proved that [Deutsche Bank] was "entitled to enforce said documents." Mot. Reconsider, *id.*, Dkt. 52 ¶ 3–4.

On January 12, 2017, Ms. Davis filed a Notice of Appearance for herself and another attorney, Bruce Bennett. Notice of Appearance and Request for Notice, *id.*, Dkt. 60.

Later that day, the Bankruptcy Court held another hearing. Audio Recording of Hearing, *id.*, Dkt. 62. Mr. Reddy alleged that his expert was unavailable to attend the hearing. *Id.* The Court instructed both parties to file amended briefs related to the disputed stay. *Id.*

Within six weeks, the parties filed their amended pleadings. Mot. for Relief from Stay, *id.*, Dkt. 72; Debtor's Obj. to Mot. for Relief from Stay, *id.*, Dkt. 80.

On March 2, 2017, the Bankruptcy Court held another hearing. Audio Recording of Hearing, *id.*, Dkt. 86–87. At that hearing, the Court permitted Mr. Reddy's alleged expert to testify. *Id.* Mr. Reddy also produced a 2009 assignment of the mortgage to Deutsche Bank. *Id.* Deutsche Bank suggested that another attorney, Benjamin Staskiewicz, might have additional relevant information about the assignment. *Id.* The Court ordered Deutsche Bank to file the Superior Court foreclosure documents on the docket. Audio Recording of Hearing. The next day, the Court ordered Mr. Staskiewicz to appear and testify at an evidentiary hearing regarding the 2009 assignment. Scheduling Order, *id.*, Dkt. 88 at 3.

On April 4, 2017, Deutsche Bank submitted a 285-page filing, including the alleged note, title documents, and exhibits submitted to the Superior Court. Second Am. Mot. for Relief from Stay, *id.*, Dkt. 94.

On May 2, 2017, the Bankruptcy Court held a status conference. Audio Recording of Conference, *id.*, Dkt. 107.

On May 31, 2017, the Bankruptcy Court held another hearing. Audio Recording of Hearing, *id.*, Dkt. 124–26.

On June 8, 2017, the Bankruptcy Court issued an order overruling Mr. Reddy's objection to Deutsche Bank's claim. Bankruptcy Court Order on Claim 3 and Automatic Stay at 10. The Court also waived the automatic stay. *Id*.

Later that day, Molly Whiton, the Bankruptcy Trustee, moved to dismiss Mr. Reddy's case. Mot. to Dismiss Chapter 13 Case, *id*., Dkt. 129. She alleged that Mr. Reddy's debt schedules showed a net income of -$1,970.00, rendering him unable to "make all payments under the Plan within the meaning of 11 U.S.C. 1325(a)(6)." *Id*.

The Court held two hearings on the motion to dismiss. Audio Recording of Hearing, *id*., Dkt. 151, 155.

On January 24, 2018, the Bankruptcy Court dismissed Mr. Reddy's case, with prejudice because of "unreasonable delay." Order, *id*., Dkt. 161; *see also* 11 U.S.C. § 1307(c).

### B. Procedural Background

On June 22, 2017, Mr. Reddy filed his notice of appeal. Notice of Appeal.

On August 23, 2017, the Bankruptcy Court denied Mr. Reddy's request for a stay pending his appeal to this Court. Order Denying Mot. for Stay Pending Appeal, *id*., Dkt. 152.

On February 20, 2018, the Court ordered Mr. Reddy to submit a "designation of the items to be included in the record on appeal" by March 9, 2018. Order, ECF No. 7; *see also* FED. R. BANKR. P. 8009.

On March 9, 2018, Mr. Reddy submitted his statement of issues. Statement of Issues to be Presented.

On November 26, 2018, Deutsche Bank National Trust Company filed a motion to dismiss Mr. Reddy's appeal. Mot. to Dismiss Appeal, ECF No. 9.

5

## II. STANDARDS OF REVIEW

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of United States bankruptcy courts. 28 U.S.C. § 158(a)(1). "[I]n bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012), *cert. denied*, 133 S.Ct. 2021 (2013); *see also Papadopoulos v. Gazes*, No. 14-CIV-3713 (KPF), 2014 WL 3928940, at *4 (S.D.N.Y. Aug. 12, 2014) ("In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo." (internal quotation marks omitted)).

The Court construes *pro se* filings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that pro se litigants should be afforded "special solicitude" because they are not represented by counsel).

## III. DISCUSSION

Mr. Reddy has asked the Court to review five Bankruptcy Court actions or orders: (1) allowing three attorneys, Ms. Davis, Mr. Bennett, and Mr. Staskiewicz, to file documents and appear in the case before filing a formal Appearance on the docket; (2) refusing to consider the affidavit of an expert, Michael Porzio; (3) granting relief from the automatic stay to Deutsche Bank; (4) granting the Chapter 13 trustee's motion to dismiss the case; and (5) denying a stay pending appeal. Statement of Issues to be Presented.

1. **Appearances in Court**

A party appears in court when it "takes any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." 4 AM. JUR. 2d *Appearance* § 1.

"Appearances in federal court are governed by 28 U.S.C. § 1654, which provides '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct such causes therein.'" *In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 409, 422 (Bankr. E.D.N.Y. 2015), *aff'd sub nom. Holzer v. Barnard*, No. 15-CV-6277 (JFB), 2016 WL 4046767 (E.D.N.Y. July 27, 2016), citing 28 U.S.C. § 1654. The statute does not prescribe punishments for failure to meet local appearance rules. 28 U.S.C. § 1654 (The entire statute reads: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Local Bankruptcy Court Rule 9010-1 advises attorneys to file an appearance. LOCAL BANKR. R. 9010-1 ("An attorney entering an appearance in a case under the Bankruptcy Code. . . shall first file an appearance with the Court and serve the same upon the Debtor or the debtor-in-possession, any trustee, any committee and its counsel, the United States Trustee [etc.]."). The rule does not specify what form the appearance must take. *Id*. Under Local Bankruptcy Court Rule 9036-1, notices may be served electronically, through the Court's electronic docketing system (i.e., CM/ECF), except for "service of process for a summons and complaint in an adversary proceeding under FRBP 7004 or of a subpoena under FRBP 9016[.]"). LOCAL BANKR. R. 9036-1 ("Subject to applicable rule or statute, parties are authorized to serve notices through the Court's CM/ECF system.").

On November 1, 2018, Patricia Davis filed Deutsche Bank's objection to Mr. Reddy's debt collection plan. Objection to Plan. She identified her client as "Specialized Loan Servicing LLC as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-10, Mortgage Pass-Through Certificates Series 2005-10[.]" *Id*. She then provided the name, address, and telephone number for her law firm, and her personal e-mail address. The January 12, 2017 Notice of Appearance included similar identifying information for Ms. Davis and Bruce Bennett, as well as both attorneys' state bar numbers (i.e., "Juris" numbers). Notice of Appearance and Request for Notice. Dkt. 60.

On March 3, 2017, the Bankruptcy Court ordered Benjamin Staskiewicz to appear. Scheduling Order, *id*., Dkt. 88 at 3. That same day, a court employee docketed a Certified Mail Receipt that included attorney Staskiewicz's law firm and address. Certified Mail Receipt to Benjamin Staskiewicz, *id*., Dkt. 90.

These documents and docket entries serve as appearances for two reasons. First, the Bankruptcy Court rules permit electronic service through CM/ECF. Second, these submissions provided Mr. Reddy and the Bankruptcy Court with contact information for the attorneys. Neither Mr. Reddy nor the Bankruptcy Court were left to guess who was representing Deutsche Bank or how to reach those counsel. Because the Bankruptcy Court's actions did not violate a Local Rule and Mr. Reddy has shown no prejudice, the Court finds that the Bankruptcy Court did not err in permitting Patricia Davis, Bruce Bennett, or Benjamin Staskiewicz to file and appear throughout the case.

## 2. Refusal to Consider Michael Porzio's Affidavit

Defendant argues that neither the Bankruptcy Court nor this Court can consider issues related to Deutsche Bank's claim to Mr. Reddy's home. Mem. of Law in Support of Mot. to Dismiss, ECF No. 9-1, at 3–8.

The Court agrees.

The *Rooker-Feldman* doctrine bars a party "from seeking what is in substance appellate review of the state judgment in federal district court based on the party's claim that the state judgment violates his or her federal rights." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine renders certain cases beyond the reach of the federal district courts. *Feldman*, 460 U.S. at 486 ("Federal district courts do not have jurisdiction, however, over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Courts analyze *Rooker-Feldman* claims using a four-part test: (1) the Plaintiff lost in state court; (2) the Plaintiff complains of injuries caused by a state-court ruling; (3) the Plaintiff invites a district court to review and reject the state court judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alteration omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). These four requirements are clearly met in this case.

The Superior Court for the Judicial District of Stamford found that Deutsche Bank held a valid note and mortgage on Mr. Reddy's home. Superior Court Order. The state court issued a

9

strict foreclosure judgment in favor of Deutsche Bank in the amount of $873,748.17. Superior Court Order. Following his loss in state court, Mr. Reddy was not entitled to a review of Deutsche Bank's claim to his property by either the Bankruptcy Court or this Court. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (Explaining that a plaintiff's claim will not be reviewed by the federal courts if the plaintiff lost in state court, complains of related injuries, and invites a district court to reject the state court judgment.). Mr. Reddy's purported authentication expert, Michael Porzio, sought to contest the authenticity of Deutsche Bank's note and mortgage, Aff. of Expert Michael Porzio, *In re Reddy*, 16-bk-50689 (JAM), Dkt. 83, an issue already resolved by the Superior Court in 2016. Superior Court Order.

Deutsche Bank submitted a 285-page filing, and included the alleged note, title documents, and exhibits previously submitted to the Superior Court. Second Am. Mot. for Relief from Stay, *id.*, Dkt. 94. Following a review of that filing, the Bankruptcy Court properly applied the *Rooker-Feldman* test and found that it lacked subject matter jurisdiction over the authentication claim adjudicated by the Superior Court. Bankruptcy Court Order on Claim 3 and Automatic Stay at 8. The Bankruptcy Court did not err in refusing to consider the Porzio affidavit because the Bankruptcy Court lacked jurisdiction to adjudicate the underlying claim.

### 3. Granting Deutsche Bank Relief from the Automatic Stay

Bankruptcy courts apply a two-part test to motions for relief from an automatic stay. First, the movant must demonstrate an entitlement to the relief under 11 U.S.C. § 362(d). *In re Zeoli*, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000) ("[T]he grounds for relief from stay are presented in subsections (1), (2) and (3) in the disjunctive; thus, if any one subsection applies, the Court must grant a motion for relief from stay. In this case, both subsections (1) and (2) are applicable,

and each requires that the stay be lifted."). Section 362(d)(2), for example, mandates the removal of an automatic stay in "an act against property . . . if . . . (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). Second, once the moving party has made a section 362(d) showing, a bankruptcy court must grant relief from the stay unless the opposing party shows "that the movant does not have a secured claim or that the debtor does have equity in the property." *In re Speer*, No. 14-21007 (AMN), 2015 WL 5601469, at *3 (Bankr. D. Conn. Aug. 13, 2015); *see also In re Zeoli*, 249 B.R. at 63 ("Section 362(d) is mandatory, not permissive. Congress has provided that 'the Court shall grant relief from the stay' . . . for any of the reasons stated in the three subsections.").

Deutsche Bank's 285-page filing, including the Order of strict foreclosure, demonstrated its entitlement to relief.[4] Second Am. Mot. for Relief from Stay, *id*., Dkt. 94. The Bankruptcy Court then held a status conference, *id*., Dkt. 107, and hearing, Dkt. 124–26. Following the hearing, the Bankruptcy Court issued an order overruling Mr. Reddy's objection to Deutsche Bank's claim. Bankruptcy Court Order on Claim 3 and Automatic Stay at 10. The Bankruptcy Court also waived the automatic stay. *Id*. The Bankruptcy Court explained that

> [T]he Creditor need only establish that the Debtor owes it a debt and that it is a party in interest entitled to relief from the automatic stay. Both issues were decided in the Foreclosure Action and the Debtor produced no evidence to support any claims to the contrary . . . . [T]he mandatory nature of 11 U.S.C. § 362(d) requires the Court to grant the Creditor relief from the automatic stay.

*Id*.

---

[4] The order granting strict foreclosure appears at page 275.

The Bankruptcy Court properly construed the mandatory nature of 11 U.S.C. § 362(d). Furthermore, the Bankruptcy Court granted Deutsche Bank relief from the automatic stay based upon credible evidence that Deutsche Bank held a valid note and mortgage on Mr. Reddy's property and Mr. Reddy lacked equity in the property because of the strict foreclosure. As a result, the Bankruptcy Court did not err in granting Deutsche Bank relief from the automatic stay.

### 4. Granting the Bankruptcy Trustee's Motion to Dismiss the Case

Under 11 U.S.C. § 1307, a bankruptcy court may dismiss a case for cause, including but not limited to one of the eleven reasons enumerated in § 1307(c). ("[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . ."). For example, a bankruptcy court may dismiss a Chapter 13 case due to a debtor's unreasonable delay. *In re Prud'Homme*, 161 B.R. 747, 751 (Bankr. E.D.N.Y. 1993) ("[I]n accordance with § 1307(c)(1) for the Debtor's unreasonable delay that has prejudiced his creditors[.]"); 11 U.S.C. § 1307(c)(1) (Bankruptcy courts may dismiss for cause due to "(1) unreasonable delay by the debtor that is prejudicial to creditors[.]").

Mr. Reddy fell behind on his Chapter 13 plan payments and the Bankruptcy Court ruled that it could not confirm Mr. Reddy's plan. Order Denying Confirmation of Chapter 13 Plan with Leave to Amend, *In re Reddy*, 16-bk-50689 (JAM), Dkt. 70. The Bankruptcy Court granted Mr. Reddy leave to amend his plan on or before January 20, 2017, and later extended the amendment deadline to March 31, 2017. *Id*. But Mr. Reddy did not amend his plan.

12

The Bankruptcy Trustee then filed a motion to dismiss, arguing: "The Plan is not feasible. The Debtor's Schedules I and J show net income of -$1970.00. It does not appear that the Debtor will be able to make all payments under the Plan within the meaning of 11 USC 1325(a)(6)." Motion to Dismiss Chapter 13 Case, *In re Reddy*, 16-bk-50689 (JAM), Dkt. 129. Mr. Reddy did not oppose that motion.

The Bankruptcy Court held a hearing on the motion, and Mr. Reddy did not further object to dismissal. The Bankruptcy Court then dismissed Mr. Reddy's case for "unreasonable delay that is prejudicial to creditors caused by the Debtor." Order Granting Trustee's Mot. to Dismiss with a One Year Bar to Filing a Case, *Id.*, Dkt. 161.

The Bankruptcy Court properly considered a motion for dismissal and held a hearing on the matter. Mr. Reddy never filed a revised plan or explained how he could comply with the statutory requirements for Chapter 13 bankruptcy.

Accordingly, the Bankruptcy Court properly ruled that Mr. Reddy's Chapter 13 case should be dismissed based upon his unreasonable delay under 11 U.S.C. § 1307(c)(1). As a result, the Bankruptcy Court did not err in dismissing Mr. Reddy's Chapter 13 case.

### 5. Denying a Stay Pending Appeal

When deciding a motion for a stay pending appeal, courts consider four factors:

> (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected.

*In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012), *quoting In re Smith*, No. 09–cv–508, 2009 WL 366577, at *2 (E.D.N.Y. Feb. 12, 2009); *see also In re World Trade Ctr. Disaster Site Litig.*, 503

F.3d 167, 170 (2d Cir. 2007) ("The four factors to be considered in issuing a stay pending appeal are well known . . . .").

Debtors seeking stays pending appeal must demonstrate that they are likely to succeed on the merits and that the harms they will suffer absent a stay cannot be remedied by monetary damages. *In re Taub,* 470 B.R. at 278 ("In the instant case, the Debtor has not demonstrated any harm other than alleged loss of future rental income and the loss of the properties if they are sold. She has provided no evidence as to why, in the unlikely event she prevails on appeal, a later grant of monetary damages would not remedy any harm . . . . In fact, the Debtor's estate stands to gain because the proceeds will help pay down her debts."). A court, however, cannot grant a stay if it lacks jurisdiction over the matter. *In re Taub*, 470 B.R. at 277 ("It is unnecessary for the Court to reach the issue of whether the Debtor has satisfied the standard for the Court to issue a stay pending appeal because it lacks jurisdiction. However, even if this matter was properly before this Court, the Debtor still failed to satisfy her burden entitling her to a stay.").

Here, as discussed above, the Bankruptcy Court lacked subject matter jurisdiction over Mr. Reddy's authentication claim because of the Superior Court's order of strict foreclosure in favor of Deutsche Bank. The application of the *Rooker-Feldman* doctrine required the case's dismissal. The Bankruptcy Court's lack of jurisdiction thus is dispositive of this issue; the Bankruptcy Court could not order a stay pending appeal where it lacked jurisdiction. *In re Taub*, 470 B.R. at 277 ("It is unnecessary for the Court to reach the issue of whether the Debtor has satisfied the standard for the Court to issue a stay pending appeal because it lacks jurisdiction.").

In any event, the Bankruptcy Court also performed a four-factor stay analysis, *see In re Taub*, 470 B.R. at 277, and determined that the balance of factors weighed against granting a

stay. First, the Bankruptcy Court acknowledged that Mr. Reddy might suffer injury absent the stay. Order Denying Mot. for Stay Pending Appeal, *In re Reddy*, 16-bk-50689 (JAM), Dkt. 137, at 4. The Court, however, also found that Deutsche Bank would be injured by a stay because it had been authorized but unable to foreclose on the property. *Id*. at 5. The Bankruptcy Court also found that the public had an interest in the finality of foreclosure orders. *Id*. Most importantly, the Bankruptcy Court determined that Mr. Reddy was not likely to succeed on appeal. *In re Taub*, 470 B.R. at 278 ("The single most important factor is likelihood of success on the merits."), *quoting In re Baker,* No. 05-cv-3487 (SPG), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005). Indeed, for the same reasons that the court lacked jurisdiction, the Bankruptcy Court properly determined that Mr. Reddy was unlikely to prevail on his appeal: application of the *Rooker-Feldman* doctrine.

Accordingly, the Bankruptcy Court properly held that it lacked jurisdiction to grant Mr. Reddy's stay. Even if the Bankruptcy Court had jurisdiction, a stay was not warranted given that Mr. Reddy had failed to show "a substantial possibility . . . of success on appeal." *In re Taub*, 470 B.R. at 277 (internal quotations omitted). As a result, the Bankruptcy Court did not err in denying Mr. Reddy's motion to stay pending appeal.

### 6. Remaining Issues

The Court has now addressed each of Mr. Reddy's stated issues for appeal. Statement of Issues to be Presented, ECF No. 8. Should any claims remain, however, the Court finds them to be without merit.

The Court has carefully reviewed Mr. Reddy's Bankruptcy Court action and found that the Bankruptcy Court afforded Mr. Reddy hearings on the issue of Deutsche Bank's claim to his

property. Audio Recording of Hearing, *In re Reddy*, 16-bk-50689 (JAM), Dkt. 51, 62, 86–87. The Bankruptcy Court also afforded Mr. Reddy opportunities to amend his plan and remain in Chapter 13 bankruptcy. Order Denying Confirmation of Chapter 13 Plan with Leave to Amend, *id*, Dkt. 70. Accordingly, Mr. Reddy was afforded due process by the Bankruptcy Court. As a result, the Court holds that Mr. Reddy has been heard on his claims, including the allegation that Deutsche Bank has no claim to his home.

Nearly a decade ago, Deutsche Bank initiated a foreclosure of Mr. Reddy's property. Mot. Reconsider ¶ 2. Following the Superior Court's order of strict foreclosure, both the Bankruptcy Court and this Court carefully reviewed Mr. Reddy's claims and found them meritless. As a result, to the extent that Mr. Reddy claims any further basis for relief, the Court nevertheless affirms the decision of the Bankruptcy Court.

## IV.  CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the Bankruptcy Court's orders.

The Clerk of the Court is respectfully requested to close the file.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of March, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE